# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHARLES GASPARD (#579511)**                                    **CIVIL ACTION**

**VERSUS**

**ALAN J. ROBERT, ET AL.**                                                **NO. 16-788-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 6, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHARLES GASPARD (#579511)**                    **CIVIL ACTION**

**VERSUS**

**ALAN J. ROBERT, ET AL.**                       **NO. 16-788-JWD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (R. Doc. 2) asking the court to order the defendants[1] to refrain from: (1) withholding the plaintiff's legal materials and other personal property, (2) denying the plaintiff access to the courts by any means, and (3) retaliating against the plaintiff by any means. This motion has been referred to the undersigned for review. (R. Doc. 3).

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against numerous defendants, complaining that his constitutional rights have been violated through confiscation of his legal materials and other personal property, retaliation, medical malpractice, legal malpractice, denial of his right to equal protection, and failure to protect the plaintiff from said violations. In the instant motion, the plaintiff alleges that on November 25, 2015 "some of the defendants" moved the plaintiff from his housing area without cause, thereby separating him from his unspecified legal materials. The plaintiff further alleges that his grievances concerning the return of his legal materials have been rejected resulting in numerous non-frivolous legal claims, including but not limited to the Complaint herein and a Uniform Application for Post-Conviction Relief, being lost due to prescription. The plaintiff further alleges that he will

---

[1] The plaintiff has filed his Complaint (R. Doc. 1), which is not on an approved form, and has named over 90 defendants therein.

continue to lose unspecified non-frivolous legal claims until his legal materials are returned to him.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief " is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors" ); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (" [t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule" ). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.,* 878 F.2d at 809.

At all times, the burden of persuasion remains with the plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

The plaintiff has failed to show a substantial likelihood of prevailing on the merits. Regarding the plaintiff's allegations that his constitutional rights have been violated due to the defendants' alleged interference with his right of access to the courts, a substantive right of access to the courts has long been recognized. *Lewis v. Casey*, 518 U.S. 343, 347 (1996), *citing Bounds v. Smith*, 430 U.S. 817, 821 (1977). Specifically, access to the courts is incorporated into the First Amendment right to petition the government for redress of grievances. *Driggers v. Cruz*, 740 F.3d 333, 336–37 (5th Cir. 2014) citing *Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731 (1983). In its most obvious and fundamental manifestation, this right protects an inmate's physical access to the courts. Thus, for example, prison officials may not block or refuse to transmit, through procedural devices or otherwise, the transmission of legal documents that prisoners wish to send to the courts. *Ex parte Hull*, 312 U.S. 546 (1941) (striking down a state regulation prohibiting prisoners from filing petitions for habeas corpus without the approval of a state official); *Jackson v. Procunier*, 789 F.2d 307, 310–11 (5th Cir. 1986) (prison officials may not deliberately delay mailing legal papers when they know that such delay will effectively deny a prisoner access to the courts). Nor can they take other actions—such as confiscating or destroying legal papers—that would have a similar effect. *See Foster v. City of Lake Jackson*, 28 F.3d 425, 429 (5th Cir. 1994), *citing Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989). The fundamental constitutional right of access to the courts also requires that prison authorities assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right extends to pretrial detainees as well as to convicted inmates. *Boyd v. Nowack*, 2010 WL 892995, *2 (E.D. La. March 11, 2010), *citing United States v. Moya–Gomez*, 860 F.2d 706, 743 (7th Cir. 1988).

The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey, supra*, 518 U.S. at 356.  Further, in order to prevail on a claim of interference with access to the courts, an inmate claimant must be able to show that has he suffered some cognizable legal prejudice or detriment as a result of the defendant's actions. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). In addition, the plaintiff must be able to show that the defendant had an intent to interfere with the plaintiff's right to submit pleadings to the courts or was otherwise deliberately indifferent to the plaintiff's wish to do so.  *See Herrington v. Martin*, 2009 WL 5178340, *2 (W.D. La., Dec. 23, 2009) (recognizing that "[a]n 'access to courts' claim is actionable only if the deprivation stemmed from intentional conduct on the part of the defendant; 'access to courts' claims premised on a defendant's mere negligence or inadvertence are not cognizable under § 1983''). Finally, an inmate's right to seek access to the courts is limited to the making of non-frivolous claims involving the assertion of legitimate constitutional rights.  *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997).  Therefore, because the right to access to the courts "rest[s] on the recognition that the right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," *Christopher v. Harbury*, 536 U.S. 403, 415 (2002), "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Id.*

In the present matter, the plaintiff has not identified with specificity any particular non-frivolous cause of action in which his rights were impeded.  Moreover, the plaintiff's allegations that he has suffered legal prejudice or detriment as a result of the defendants' actions are extremely vague and conclusory.  The plaintiff's allegations regarding his claims of retaliation,

medical malpractice, legal malpractice, denial of his right to equal protection, and failure to protect are equally vague and conclusory.

As such, it is unlikely that the plaintiff will prevail on his claims against the defendants. Additionally, any harm which may come to the plaintiff is not likely to be irreparable, and can be compensated for monetarily should the plaintiff prevail in this action.  Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.  The plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (R. Doc. 2) be denied, and that this matter be referred back to the Magistrate Judge for initial screening of the plaintiff's Complaint and pauper status.

Signed in Baton Rouge, Louisiana, on December 6, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**